**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000025
16-DEC-2015
08:16 AM**

NO. CAAP-15-0000025

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
TIMOTHY A. AGLIAM, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(3DCW-14-0000696)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Timothy A. Agliam (Agliam) timely appeals from the December 17, 2014 Judgment entered by the District Court of the Third Circuit, North and South Hilo Division (District Court),[1] convicting him of Endangering the Welfare of a Minor in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 709-904 (2014)[2]. On appeal, Agliam argues that the District Court: (1) lacked subject matter jurisdiction over this case (2) erred in denying Agliam's motion to stay execution of his misdemeanor probation sentence pending appeal; and (3) erred in overruling Agliam's objections and admitting irrelevant and unduly prejudicial testimony.

---

[1]   The Honorable Barbara T. Takase presided.

[2]   HRS § 709-904(2) provides,

    A person commits the offense of endangering the welfare of a minor in the second degree if, being a parent, guardian, or other person whether or not charged with the care or custody of a minor, the person knowingly endangers the minor's physical or mental welfare by violating or interfering with any legal duty of care or protection owed such minor.

Based on a careful review of the issues raised and the arguments made by the parties, the record, and the applicable legal authority, we resolve Agliam's points on appeal as follows.

Agliam argues and the State concedes that the District Court lacked subject matter jurisdiction over this case. The Hawai'i Supreme Court has held that "[i]f a court lacks jurisdiction over the subject matter of a proceeding, any judgment rendered in that proceeding is invalid." Bush v. Hawaiian Homes Comm'n, 76 Hawai'i 128, 133, 870 P.2d 1272, 1277 (1994). Furthermore, although "a lower court is found to have lacked jurisdiction, [the courts] have jurisdiction here on appeal, not of the merits, but for the purpose of correcting an error in jurisdiction." Casuga v. Blanco, 99 Hawai'i 44, 49, 52 P.3d 298, 303 (2002) (internal quotation marks omitted).

On March 12, 2014, alleging certain acts committed by Agliam against his son, the State charged Agliam with Endangering the Welfare of a Minor in the Second Degree, in violation of HRS § 709-904(2), by filing its complaint in the District Court of the Third Circuit. However, under HRS § 571-14(a) (Supp. 2015),[3]

---

[3]  HRS 571-14 (2006 and Supp. 2015) provides, in pertinent part,

§ 571-14  Jurisdiction; adults.  (a) Except as provided in sections 603-21.5 and 604-8, the court shall have exclusive original jurisdiction:

  (1)  To try any offense committed against a child by the child's parent or guardian or by any other person having the child's legal or physical custody, and any violation of section 707-726, 707-727, 709-902, 709-903, 709-903.5, 709-904, 709-905, 709-906, or 302A-1135, whether or not included in other provisions of this paragraph or paragraph (2);

  . . . .

In any case within paragraph (1) or (2), the court, in its discretion, may waive its jurisdiction over the offense charged.

  . . . .

(b)  The court shall have concurrent jurisdiction with the district court over violations of sections 707-712, 707-717, 707-722, 708-822, 708-823, 710-1010.5, 711-1106, and 711-1106.5 when multiple offenses are charged through complaint or indictment and at least one offense is a violation of an order issued pursuant to chapter 586 or a violation of section 709-906.

2

the Family Court has exclusive original jurisdiction "[t]o try an offense committed against a child by the child's parent or guardian . . . and any violation of section . . . 709-904[.]" The record does not indicate that the Family Court waived its jurisdiction over the offense charged. Additionally, the District Court does not have concurrent jurisdiction with the Family Court over this matter. Thus, the District Court lacked subject matter jurisdiction.

Therefore, this case is remanded to the District Court of the Third Circuit, North and South Hilo Division for dismissal of the case for lack of subject matter jurisdiction.

DATED: Honolulu, Hawaiʻi, December 16, 2015.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Christopher K. Rothfus,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellant.

*Craig H. Nakamura*

Chief Judge

*[signature]*

Associate Judge

*[signature]*

Associate Judge